UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS ZULUAGA,
        PETITIONER

V.                              C.A. NO. 05cv11856NG

LUIS S. SPENCER,
        RESPONDENT

ADDENDUM TO
MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

    Comes now the Petitioner, Luis Zuluaga ("Zuluaga"), pro se, and hereby Addends to the Memorandum of Law in Support of Petition for Writ of Habeas Corpus ("Memorandum") the following argument in support of his third ground for habeas relief.

    In support hereof, Zuluaga asserts that the following ground set forth as Claim III, as is supported by the ensuing facts and argument, further establishes beyond question that he has been denied the Federal Constitutional right to due process of law, as guaranteed him through the Fourteenth Amendment to the United States Constitution, through the state trial court's denial of his efforts to introduce the informant Brathwaite's confession to the defense investigator under the hearsay exception provided by Fed.R.Evid. 804(b)(3), and the state appellate court's affirmance of such denial.

### CLAIM III

    IT IS A VIOLATION OF CONSTITUTIONAL MAGNITUDE OF THE RIGHT TO DUE PROCESS OF LAW FOR THE STATE COURT TO HAVE DENIED THE DEFENSE EFFORTS TO INTRODUCE AT TRIAL THE COMMONWEALTH INFORMANT'S HEARSAY STATEMENTS TO THE DEFENSE INVESTIGATOR.

Zuluaga incorporates by reference the total of facts and argument set forth within the Memorandum sections entitled as "AEDPA - Timeliness of Petition" (pp. 2-3) and "Lack of Procedural Bar to Review" (p. 7).

### EXHAUSTION

Zuluaga incorporates that argument setting forth the appropriate standard of review at Memorandum pp. 3-4, and adds thereto the following:

### CLAIM III

With respect to the denial of Zuluaga's right to due process of law through the trial court's denial of his efforts to introduce Brathwaite's hearsay statements to the defense investigator, Zuluaga raised the federal context of said claim by direct citation to the U.S.Const., Amend. XIV (App. 35)[1], by citing a specific right to the introduction of same under the hearsay exception to Fed.R.Evid. 804(b)(3) through the Massachusetts Supreme Judicial Court adoption of same in Commonwealth v. Carr, 373 Mass. 617, 623 (1977)(App. 29), and by citation to the federal cases of Green v. Georgia, 442 U.S. 95 (1979) and Chambers v. Mississippi, 410 U.S. 284 (1973)(App. 35).

This claim was first raised at the trial court stage (App. 28-31), on direct appeal (App. 28-35), and within an application for further appellate review.

### STANDARD OF REVIEW

Zuluaga incorporates that argument setting forth the

---

[1] "App. __" - Designates citation to the original Appendix attached to the Memorandum.

- 2 -

applicable standard of review at Memorandum p. 7, and adds thereto the following:

Zuluaga asserts that the applicable state court decision rendered with respect to this federal claim has resulted in a decision that involves either an "unreasonable application" of law established by the Supreme Court or that such decision was achieved "contrary to" law as established by the Supreme Court. Accord, Williams v. Taylor, 529 U.S. 362, 405-406 (2000).

## STATEMENT OF PRIOR PROCEEDINGS

Zuluaga incorporates those prior proceedings set forth within the Memorandum at pp. 8-9, and adds thereto the following:

During trial, and pursuant to a defense motion to admit the hearsay statements of Brathwaite to the defense investigator (again, Brathwaite refused to testify for the prosecution or defense at any stage of the proceedings), the court held a voir dire which resulted in a denial of the defense efforts (App. 28-31; see also App. 69; hearing transcripts). The trial court's denial was addressed on the merits during the course of direct appeal (App. 28-35).

## FACTS RELEVANT TO HABEAS REQUEST

Zuluaga incorporates those facts set forth within the Memorandum at pp. 9-12, and adds thereto the trial court relations of the defense investigator as follows:

"In 1993, Brathwaite was stopped by Lowell police for playing loud music in his car. A search uncovered traces of cocaine and also a telephone book with Zuluaga's telephone number. The officers -- Brathwaite did not know their names --

- 3 -

told him that they had been 'looking at' Zuluaga for a long time because he had been 'dealing drugs.' If Brathwaite would help them 'set up' Zuluaga, they would not prosecute him or send him back to prison. Brathwaite agreed, and the police then instructed him to call Trooper Sprague of the State Police. He did so, but never told Sprague about his meeting with the Lowell police. He met with Zuluaga, initially to purchase restaurant equipment. At a second meeting, he indicated that he wanted to buy cocaine, but Zuluaga replied he did not deal in cocaine. Subsequently, the Lowell police -- again he did not know which officers -- gave him a bag of cocaine which he planted inside the desk drawer in the basement storage area." (App. 29-30; see again App. 69).

## SUMMARY OF ARGUMENT

Zuluaga incorporates that summary set forth within the Memorandum at pp. 12-13, and adds thereto the following:

Zuluaga claims the denial of his constitutional right to due process of law through the trial court's denial of his efforts to introduce the hearsay statements of Brathwaite (pp. 5-9).

This is a case where the Commonwealth's informant, and active agent in the sting operation investigation of Zuluaga (App. 12-13), refused to testify for the prosecution or defense at any stage of the trial court proceedings (App. 28). As noted within the facts related within the Memorandum at pp. 9-12, Trooper Sprague ("Sprague") based the entirety of his investigation upon the purported allegations from Brathwaite (see again App. 12-13). However, now, in light of the newly-discovered evidence relied upon in Claims I & II (App. 41,

67 & 100 at p. 2, ¶¶ 7-8), the investigatory tactics of Sprague have been called into serious question (Memorandum pp. 14-23).

In light of the particular circumstances of this case, it amounted to a denial of due process of law to have prevented the jury from hearing of Brathwaite's hearsay statements to the defense investigator which totally contradicted the testimony and investigatory assertions of Sprague (pp. 5-9).

<u>REASONS FOR GRANTING HABEAS PETITION</u>

Zuluaga incorporates that argument set forth within the Memorandum at pp. 14-23, and adds thereto the following:

The granting of the habeas petition is here appropriate because the state court's failure to allow the introduction of the hearsay statements of Brathwaite, under the hearsay exception of Fed.R.Evid. 804(b)(3), denied Zuluaga due process of law, and the conclusions reached by the trial court and affirmed by the Massachusetts Appeals Court conflict with prior holdings of the Supreme Court of the United States.

> III. IT IS A VIOLATION OF CONSTITUTIONAL MAGNITUDE OF THE RIGHT TO DUE PROCESS OF LAW FOR THE STATE COURT TO HAVE DENIED THE DEFENSE EFFORTS TO INTRODUCE AT TRIAL THE COMMONWEALTH INFORMANT'S HEARSAY STATEMENTS TO THE DEFENSE INVESTIGATOR.

The trial court decision, affirmed on appeal, deprived Zuluaga of due process of law because the peculiar facts of his case present as "the type of rare and unique circumstances in which the exclusion of evidence under the hearsay rules defeats the ends of justice and thereby violates the due process clause." <u>Green</u>, 442 U.S. at 97; <u>Chambers</u>, 410 U.S. at 302.

Brathwaite, in his hearsay statements to the defense investigator, claims to have planted that very evidence, the one kilo package of cocaine, discovered within the desk drawer in the basement storage area by which Zuluaga was eventually charged (App. 12-13 & 28-35). Zuluaga is presently serving a sentence of 18-20 years in the state prison due to his conviction on trafficking in that discovery of cocaine (App. 3 & 8-9).

In Commonwealth v. Carr, 373 Mass. 617, 620-625 (1977), the Supreme Judicial Court ("SJC") adopted in substance the hearsay exception for statements against interest set forth in Fed.R.Evid. 804(b)(3); see also Commonwealth v. Drew, 397 Mass. 65 (1986); and Commonwealth v. Burgos, 36 Mass.App.Ct. 903 (1994). Such statements are considered reliable for the reason that, "persons do not make statements which are damaging to themselves unless satisfied for good reason that they are true." Fed.R.Evid. 804(b)(3), Advisory Committee Note.

For a statement to be admissible under this Rule, the following prerequisites must be satisfied:

(1) The declarant must be unavailable;

(2) The statement must, at the time of its utterance, have so far tended to subject the declarant to civil or criminal liability that a reasonable person in the declarant's position would not have made it unless he believed it to be true; and

(3) Where [as in the case at bar] the statement is offered as exculpatory to the accused, it must be corroborated by circumstances indicating its trustworthiness.

With respect to the third element, the SJC has advised that

- 6 -

in close cases the trial judge "should favor admitting the statement." Commonwealth v. Gagnon, 408 Mass. 185, 193-194 (1990); accord Drew, 397 Mass. at 75 n. 10.

At bar, the statements by Brathwaite to the private investigator were held by the trial court to satisfy the first and second prong (App. 28-35). However, Zuluaga asserts that they should be held to satisfy the third prong as well.

With respect to the first prong, by virtue of his pleading the Fifth Amendment in bar of being called to testify, Brathwaite is "unavailable" within the meaning of the Rule (App. 28);

With respect to the second prong, the statements, which not only admitted to criminal conduct on his own part, but also subverted his prior agreement with the police (which agreement was made at a time when the police were holding other criminal charges over Brathwaite's head), certainly tended to expose Brathwaite to criminal liability (App. 28-35);

With respect to the third prong, the circumstances presented suffice to establish the reliability of the statements. The reliability requirement was discussed extensively in Drew, as follows:

> "In applying the corroboration requirement, judges are obliged to exercise a discriminating judgement ... [The judge] will consider as relevant factors the degree of disinterestedness of th witnesses giving corroborating testimony as well as the plausibility of that testimony in the light of the rest of the proof ...
> The judge should assess 'both the credibility of the declarant and the probativity of his statement.' ... In making such an assessment, the judge protects against the introduction of fabricated evidence. ... The question is 'not whether the [trial] judge is satisfied that the statement is actually true as to the fact it is adduced to prove' ... but whether, in light of other evidence already

adduced or to be adduced, there is some reasonable likelihood that the statement could be true. Other factors the judge may consider are: the timing of the declaration and the relationship between the declarant and the witness ... ; the reliability and character of the declarant ... ; whether the statement was made spontaneously ... ; whether there is any apparent motive for the declarant to misrepresent the matter ... ; and whether and in what circumstances the statement was repeated. ...
In deciding whether to admit a statement against penal interest, the judge should not base his determination on an assessment of the proffered witness' credibility. The <u>jury, rather than the judge, should evaluate the credibility of the witness.</u> ... Additionally, a decision by the trial judge to exclude the testimony of a witness solely because the defendant has not established the credibility of the witness may be violative of the defendant's constitutional rights under the compulsory process and due process clauses."

<u>Id.</u>, 397 Mass. at 75-77 (citations omitted; emphasis added); compare United States v. Thomas, 571 F.2d 285, 288 (5th Cir. 1978).

In the instant case, several of the foregoing criteria militate strongly in favor of admitting Brathwaite's statements to the private investigator:

(1) The proffered witness to the hearsay statement is not Zuluaga, himself, or any co-defendant; nor is the declarant a co-defendant. Contrast <u>Drew</u>, 397 Mass. at 77;

(2) The proffered witness -- a professional investigator -- has no relationship whatsoever to either Brathwaite or Zuluaga. Contrast <u>Burgos</u>, 36 Mass.App.Ct. at 903;

(3) The proffered witness -- a professional investigator -- has no interest in the outcome of this case, nor does he have any other motive to fabricate evidence (indeed, a proper concern for his career affords a strong motive <u>against</u> such fabrication);

(4) There is nothing contradictory or otherwise suspect

about the timing of the out-of-court statements. Contrast Burgos, 36 Mass.App.Ct. at 903;

(5) The declarant, Brathwaite, was intimately involved with -- and, thus, may be presumed to have the requisite knowledge of -- the matters which comprise the subject of his out-of-court statements. Contrast Drew, 397 Mass. 77;

(6) The declarant, Brathwaite, had no motive for fabricating his statements to the investigator; on the contrary, as previously observed, his statements, coming to the attention of the police, could only serve to hurt him; and

(7) The statements of the declarant, Brathwaite, are not so contrary to other facts proven in this case as to render them suspect.

Therefore, viewed in complete light of the applicable criteria, Brathwaite's statements to the private investigator should have been deemed admissible as declarations against penal interest, and, in the interests of justice and due process of law. Fed.R.Evid. 804(b)(3); U.S.Const., Amend. XIV.

## CONCLUSION

For the foregoing reasons, in conjunction with those reasons set forth within the Memorandum at pp. 14-23, habeas relief should be granted in this case.

Respectfully submitted,

Dated: 10-11-05

Luis Zuluaga, pro se
Post Office Box 43
Norfolk, MA    02056

STATUTORY ADDENDUM

FEDERAL RULES OF EVIDENCE

RULE 804. Hearsay Exceptions; Declarant Unavailable

(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant --

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; ...

(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: ...

(3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.