UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUIS ZULUAGA<br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER<br>    Respondent. | )<br>)<br>)<br>) Civil Action No. 05-11856-NG<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

The respondent, by and through his counsel, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Luis Zuluaga. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. The petitioner's conviction became final on February 18, 1998. To comply with the one-year statute of limitations of § 2244(d), the petitioner was required to file his petition by February 18, 1999. Moreover, the statute of limitations was not tolled at any point between February 18, 1998 and February 18, 1999. Since this habeas petition was not filed until September 8, 2005--over six years too late--it must be dismissed as time-barred.

**PRIOR PROCEEDINGS**[1]

On April 22, 1993, a Middlesex County grand jury indicted the petitioner for trafficking in 200 or more grams of cocaine and conspiracy to traffic in cocaine. (Exh. A, Docket Sheets, *Commonwealth v. Zuluaga,* MICR 1993-00680 at 1, 11). On October 19, 1994, after a jury trial

---

[1] The respondent is submitting exhibits from the petitioner's state court records which will be identified by letter, description and page number as (Exh. A., Docket Sheets, *Commonwealth v. Zuluaga,* MICR 1993-00680 at 1, 11).

2

before Massachusetts Superior Court Associate Justice Howard J. Whitehead, the petitioner was found guilty on two indictments and sentenced to 18-20 years in prison. (*Id.* at 7,11). Thereafter he filed a timely appeal of his conviction to the Massachusetts Appeals Court ("Appeals Court") which affirmed the conviction on October 10, 1997. ( Exh. B, *Commonwealth v. Zuluaga,* 43 Mass.App.Ct. 629, 686 N.E.2d 463 (1997)). The Supreme Judicial Court ("SJC") denied the petitioner's application for leave to obtain further appellate review on November 20, 1997. (Exh. C, Notice of Denial of F.A.R. Application, *Commonwealth v. Zuluaga*, No. FAR-09481).

On June 26, 2000, the petitioner filed a post-appeal motion for a new trial and a motion for an evidentiary hearing. (Exh. A at 8.) These motions were denied by Justice Whitehead on October 3, 2000. (*Id.* at 9). The petitioner filed a timely appeal of the denial of his motion for a new trial and motion for an evidentiary hearing. On January 3, 2002, the Appeals Court affirmed the Superior Court's rulings. (Exh. D, *Commonwealth v. Zuluaga*, 53 Mass.App.Ct. 1110, 760 N.E.2d 814 (2002)). The SJC denied the petitioner's application for leave to obtain further appellate review on February 27, 2002. (Exh. E, *Commonwealth v. Zuluaga,* 436 Mass. 1102, 766 N.E.2d 70 (2002)). On October 21, 2002, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. (Exh. F, *Zuluaga v. Massachusetts*, 537 U.S. 982 (2002)).

The petitioner filed another motion for a new trial, along with a motion to vacate the conviction and for entry of an order of acquittal, on June 9, 2004. (Exh. A at 9). On July 2, 2004, the motion judge who was also the trial judge denied the motion. (*Id.*). The petitioner filed a timely appeal to the Appeals Court, which affirmed the denial of his motions for a new trial and to vacate the conviction on May 9, 2005. (Exh. G, Case Docket). *See Commonwealth v. Zuluaga*, 63 Mass. App. Ct. 1114, 826 N.E. 2d 794 (Table)(2005)(Unpublished). His application for

3

further appellate review was denied by the SJC on July 5, 2005. (Exh. G, Case Docket); *See Commonwealth v. Zuluaga*, 444 Mass. 1106, 830 N.E. 2d 1088 (Table)(2005). On October 11, 2005, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. (Exh. F, *Zuluaga v. Massachusetts*, 537 U.S. 982 (2002).

On September 8, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## ARGUMENT

**A.    The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

The petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is generally presumed to begin to run on the date the judgment became final as a result of the conclusion of direct review or the time for seeking such review. *See Delaney v. Matesanz*, 264 F.3d 7, 10 (1st Cir. 2001); *see also* 28 U.S.C. § 2244(d)(1)(A). The Appeals Court affirmed the petitioner's conviction on October 10, 1997 and the SJC denied further appellate review on November 20, 1997. Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, the petitioner's conviction became final on February 18, 1998. *See* 28 U.S.C. § 2244(d)(1)(A); *Voravongsa v. Wall*, 349 F.3d 1, 2 (1st Cir. 2003) (state conviction is final at expiration of ninety-day period to file petition for certiorari with the United States Supreme Court). Therefore, the petitioner had until February 18, 1999 to bring his habeas petition. *See* 28 U.S.C. § 2244(d). However, his petition was not filed until September 8, 2005, over six years after the statute of limitations had expired. The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed. 28 U.S.C. § 2244(d).

Petitioner asserts that the statute of limitations did not begin to run until May 7, 2004 when he claims to have discovered new evidence that a prosecution witness had provided false testimony to a grand jury in an unrelated case <u>twelve years</u> before the petitioner's prosecution for drug trafficking. He contends that an 1981 Norfolk Superior Court order pertaining to another case which characterized the witness's testimony as "misleading" is newly discovered impeachment evidence. (*See* Petitioner's Memorandum of Law in Support of Petition for Writ of

5

Habeas Corpus at 2). Under § 2244(d)(1)(D), the statute of limitations does not begin to run until the factual basis of a claim could have been discovered through due diligence. However, the petitioner has provided no proof that the "new" evidence could not have been discovered through due diligence. The time commences when the factual predicate "could have been discovered through the exercise of due diligence," not when it was actually discovered by a given prisoner. *Owens v. Boyd*, 235 F. 3d 356, 359 (7th Cir. 2001); *Ledoux v. Dennehy*, 327 F.Supp.2d 97, 100 (D. Mass. 2004). The burden is on the petitioner to persuade the court that he has exercised due diligence. *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001); *Frazier v. Rogerson*, 248 F. Supp. 2d 825, 832 (N.D. Iowa 2003). An application that "merely alleges that the applicant did not actually know the facts underlying his . . . claim" is insufficient to show due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). The critical determination under § 2244(d)(1)(D) is whether the "factual predicate" for the claims, not all evidence supporting the claims, could have been discovered through the exercise of due diligence. *See Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745-46 (E.D. Wis. 1998)((petitioner, who asserted claims relating to transfer of venue for his retrial knew, or should have discovered through the exercise of due diligence, factual predicate for his venue claims when his retrial commenced in county other than one in which crime allegedly occurred, not when his appellate counsel mailed him his file or when he obtained possession of transcripts); *see also Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). The factual predicate for the claim- impeachment of a witness- is basic trial practice that could have been discovered through due diligence. Thus, § 2244(d)(1)(D) is inapplicable because the petitioner has not shown that he could not have previously discovered the court order which was a public document issued twelve years before his arrest and prosecution. *See Sorce v. Artuz*, 73 F. Supp. 2d 292, 298 (E.D. N.Y. 1999)(because court and newspaper articles were available

6

and could have been obtained through the exercise of due diligence, the date upon which the documents came into prisoner's possession had no effect on the AEDPA statute of limitations). The allegedly newly discovered impeachment evidence cannot form the factual predicate of a claim. The Superior Court rejected this assertion because prior bad acts are inadmissible to impeach a witness and, even if they were admissible, the acts would have carried no evidentiary weight because they occurred so many years before the petitioner's prosecution. (Ex. A at 11).

**B.    The Limitations Period Was Never Tolled.**

To the extent that the petitioner seeks to rely on the tolling provision set forth in § 2244(d)(2), his reliance is misplaced. That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." 28 U.S.C. § 2244(d)(2). However, "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." *Cordle v. Guarino*, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)(quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)). Thus, the petitioner had to file his state court motion during the one-year statute of limitations period in order to benefit from § 2244(d)(2) tolling. *(Id.)* The petitioner filed his motion for a new trial in the Superior Court on June 26, 2000, more than sixteen months *after* the statute of limitations had expired and therefore is not entitled to tolling under § 2244(d)(2). *Id.; see also, e.g., Delaney v. Matesanz*, 264 F.3d at 11 (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired).

**C.    The Petitioner Is Not Entitled to Equitable Tolling.**

There is no basis for equitable tolling in this case. While the Supreme Court has yet to address whether equitable tolling is applicable to the AEDPA statute of limitations, *Pace v.*

7

*DiGuglielmo*, ___ U.S. ___, 125 S. Ct. 1807, 1815 n.8 (2005), numerous circuits, in addition to the First Circuit, have concluded that the doctrine of equitable tolling applies to cases governed by AEDPA. *See, e.g., Neverson v. Farquharson*, 366 F.3d 32, 39-41 (1st Cir. 2004); *Harris v. Hutchinson*, 209 F.3d 325, 328-30 (4th Cir. 2000); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The Supreme Court has held that in order for a petitioner to be entitled to equitable tolling (if it exists), he bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, ___ U.S. ___, 125 S. Ct. 1807, 1814 (2005). Although the one-year limitations period in § 2244(d)(1) may be equitably tolled, "equitable tolling...is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Cordle v. Guarino*, 428 F.3d at 48 (quoting *Delaney v. Matesanz*, 264 F.3d at 14). The circumstances must not only be extraordinary but must also be beyond the petitioner's control. *Neverson v. Farquharson,* 366 F.3d at 42. A petitioner's lack of knowledge of the law or the filing deadline does not constitute extraordinary circumstances justifying equitable tolling. *Cordle v. Guarino*, 428 F.3d at 49. Nor does an error by counsel "in calculating the time limits or advising a petitioner of the appropriate filing deadlines." *Id.* Equitable tolling "is not available to rescue a litigant from his own lack of due diligence." *Neverson v. Farquharson,* 366 F.3d at 42. The petitioner filed his motion for a new trial on June 26, 2000, more than two years after his conviction became final on February 18, 1998 and more than one year after AEDPA's statute of limitations expired. The petitioner was not diligent in pursuing his rights and equitable tolling is unavailable. *See Cordle v. Guarino,* 428 F.3d at 49. Since the petitioner's habeas petition was filed after the statute of limitations had expired and there is no grounds for tolling the statute, his petition must be dismissed as time-

8

barred.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice.

                                                  Respectfully submitted,

                                                  THOMAS F. REILLY
                                                  ATTORNEY GENERAL

                                                  /s/ Annette C. Benedetto

Gregory W. Reilly                     Annette C. Benedetto
Legal Intern                             Assistant Attorney General
On the Memorandum of Law        Criminal Bureau
                                                  One Ashburton Place
                                                  Boston, Massachusetts 02108
                                                  (617) 727-2200, ext. 2855
                                                  BBO # No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following petitioner pro se by first class mail, postage pre-paid, on December 13, 2005.

Luis Zuluaga, pro se
MCI Norfolk
P.O. Box 43
Norfolk, MA 02056                        /s/Annette C. Benedetto
                                                  Annette C. Benedetto
                                                  Assistant Attorney General