UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS ZULUAGA,
       PETITIONER

V.                            CIVIL ACTION NO. 05-11856-NG

LUIS S. SPENCER,
       RESPONDENT

PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS

Comes now the Petitioner, Luis Zuluaga ("Zuluaga"), pro se, and hereby files for this Honorable Court's consideration the instant opposition to Respondent's motion to dismiss.

The Habeas Application Is Timely

Under 28 U.S.C. § 2244(d)(1)(D), a state prisoner is entitled to the benefit of a one-year filing deadline for an application for habeas relief triggered by the occurrence of newly-discovered evidence. As is pointed out within the sole claim for finding the Zuluaga's habeas application to be untimely, Respondent asserts that Zuluaga has failed to "provide[] ... proof that the 'new' evidence could not have been discovered through due diligence" (Respondent's Memorandum of Law in Support of Motion to Dismiss at p. 5; hereafter "Memorandum"). However, contrary to Respondent's claim, Zuluaga's proof of having met just such a burden is found within the content of both the trial court (App. 67) and Appeals Court (App. 1) opinions.

A state court's factual findings are presumed to be correct under the AEDPA. Coombs v. State of Maine, 202 F.3d 14, 18 (1st

Cir. 2000).

In apparent recognition of trial counsel's post-conviction affidavit (App. 99) and defense discovery efforts (App. 100-101, pp. 2-3 at ¶¶ 6-8), and the well-founded concept that it is "reasonable for trial counsel to rely on ... presumption that the prosecutor would fully perform his duty to disclose all exculpatory materials[,]" Strickler v. Greene, 527 U.S. 263, 283 (1999), in ruling upon Zuluaga's new trial motion the trial judge found that the evidence herein relied upon was in fact newly-discovered (App. 67). Furthermore, despite having considered precisely the same ilk of a "lack of due diligence" argument as relied upon by Respondent here (Memorandum at 3-6; compare Supp. App. 1-9, hereto attached and comprised of selected pages from the Commonwealth's Brief on Appeal), the Massachusetts Appeals Court affirmed the trial judge's factual holding.

It is not Zuluaga who has failed to furnish proof of diligence, but Respondent who has failed to meet the "burden of rebutting the presumption of correctness [of the state court decision] by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." Coombs, 202 F.3d at 18.

Should, however, this Honorable Court determine that Respondent's argument bears an indicia of merit, Zuluaga posits that an evidentiary hearing is not barred under 28 U.S.C. § 2254(e)(2) inasmuch as the viability of his claim must, in order to be timely, rely on "a factual predicate that could not have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Zuluaga asserts that he sets forth sufficient

facts to place the issue in question and satisfy the showing required under § 2254(e)(2). In addition, under the former standard of Townsend v. Sain, 372 U.S. 293 (1963), as modified by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), Zuluaga presents a substantial allegation of new evidence. See Edwards v. Murphy, 96 F.Supp.2d 31, 50 (D.Mass. 2000).

Zuluaga's habeas application, as originally filed and as amended, should be deemed timely under 28 U.S.C. § 2244 (d)(1)(D).

Respectfully submitted,

Dated: 12-20-05

Luis Zuluaga, pro se
Post Office Box 43
Norfolk, MA   02056

CERTIFICATE OF SERVICE

I, Luis Zuluaga, do hereby certify that a true and factual copy of the foregoing opposition has been served upon the Office of the Attgorney General, Annette C. Benedetto, A.A.G., Criminal Bureau, One Ashburton Place, Boston, MA 02108, Tel. No. (617) 727-2200, by forwarding same First Class Mail, Postage Pre-Paid, this 20 day of December, 2005.

Respectfully submitted,

Luis Zuluaga, pro se
Post Office Box 43
Norfolk, MA   02056

- 3 -

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

MIDDLESEX COUNTY                                    2005 SITTING

No. 04-P-1059

COMMONWEALTH OF MASSACHUSETTS,

APPELLEE,

v.

LUIS ZULUAGA,

APPELLANT.

ON APPEAL FROM AN ORDER OF THE SUPERIOR COURT

BRIEF AND SUPPLEMENTAL RECORD APPENDIX
FOR THE COMMONWEALTH

ISSUES PRESENTED

1.  Did the motion judge, who was also the trial judge, properly deny the defendant's motion for a new trial where the defendant's claim of newly discovered impeachment evidence casts no doubt on the justice of the defendant's conviction.

2.  Did the judge properly deny the defendant's motion to vacate his conviction under Mass. R. Crim. P. 25(b)(2) based on his finding that the issue was

- Supp App 1 -

ARGUMENT

I.  THE MOTION JUDGE, WHO WAS ALSO THE TRIAL JUDGE, PROPERLY DENIED THE DEFENDANT'S POST-APPEAL MOTION FOR NEW TRIAL AS THE 1981 NORFOLK SUPERIOR COURT ORDER CHARACTERIZING TROOPER SPRAGUE'S GRAND JURY TESTIMONY IN AN UNRELATED CASE AS "MISLEADING" DOES NOT CAST DOUBT ON THE JUSTICE OF THE DEFENDANT'S 1993 CONVICTION.

The defendant asserts that the February 23, 1981, Norfolk Superior Court order pertaining to an unrelated case, which characterized Trooper Sprague's Grand Jury testimony as "misleading" is newly discovered impeachment evidence.[4] (Def. Br. 13). He also asserts that this impeachment evidence is exculpatory and that the prosecutor had a duty to disclose this information to the defendant as he had specifically requested "any evidence that may be used for the purpose of impeaching the credibility of the Commonwealth's witnesses." Id. The defendant contends that had he known that Trooper Sprague

---

[4] The Norfolk Superior Court order reads:
   The grand jury testimony of the trooper was, for whatever reason, seriously in error in material matters. His misleading testimony had to leave the clear impression on the grand jury that four witnesses had made rather firm identifications of the defendant both from a photographic array and in a quasi-lineup situation. This was simply not so.
(R.A. 100).

provided "misleading" testimony to the Norfolk Grand Jury thirteen years prior to the defendant's arrest, the defendant would have been able to impeach Trooper Sprague both during the motions to suppress and during the trial itself. (Def. Br. 14-15). This argument was made to the motion judge who, in this case, was also the trial judge. The motion judge ruled that

> The court will take as true that, because the basis of the motion is newly discovered information and because discovery by the defendant on his own would have been most unlikely absent the fortuity of the referenced newspaper article, defendant has not waived this motion by failing to raise the issue on his direct appeal or by way of his previous motion for a new trial. Nevertheless, the court <u>denies</u> the motion for this reason: The newly discovered information never would have been admissible at any stage of the defendant's case. Prior bad acts are not admissible to impeach a witness and, even if they were, these prior bad acts, assuming that they occurred, were so remote in time to defendant's prosecution, that they would carry no evidentiary weight. Stated simply, the newly discovered information could not possibly have affected the outcome of the case.

(R.A. 316).

In reviewing the motion judge's ruling, the Appeals Court extends special deference as the motion judge was also the trial judge and would therefore be "in the best position to weigh the credibility of the

8

- Supp App 3 -

proffered evidence and to determine its probable impact on a jury hearing it with all the other evidence." Commonwealth v. Cintron, 435 Mass. 509, 517 (2001).

    A.    The Norfolk Superior Court Order is Not Newly Discovered Evidence

At the outset it should be noted that newly discovered impeachment evidence will rarely be the basis for a new trial. Commonwealth v. Cassesso, 360 Mass. 570, 576 (1971). In order to overcome the Commonwealth's interest in the finality of a conviction, the defendant must establish that the evidence is both "newly discovered and that it casts real doubt on the justice of the conviction." Commonwealth v. Grace, 397 Mass. 303, 306 (1986).

"Newly discovered" is defined as evidence that "reasonable pretrial diligence would not have uncovered" at the time of trial. Id. Notwithstanding the motion judge's generous conclusion that the evidence is newly discovered, this public document was in existence at the time of the 1993 trial and could have been accessed by the defendant or his counsel.

However, even if the defendant were able to establish the newness of the evidence, he must also

establish that there is a "substantial risk that a jury would reach a different conclusion" if the jury were presented with the evidence at trial. Commonwealth v. Cintron, 435 Mass. at 517; Commonwealth v. Wolinski, 431 Mass. 228, 235 (2000). As the motion judge aptly determined, the defendant is unable to meet this burden as the proferred evidence would never have been heard at any stage of the proceeding. Only evidence of a witness' *current reputation* of untruthfulness is admissible. Commonwealth v. Phachansiri, 38 Mass. App Ct. 100, 109 (1995) (evidence of defendant's reputation for truthfulness five years earlier properly excluded as too attenuated). As such, even if the defendant were able to characterize Trooper Sprague's testimony in 1980 to the Norfolk Grand Jury as a "propensity to prevaricate" and thus proper reputation evidence, it could not have been used to impeach him over twelve years later. Therefore, this evidence would not have been a factor in the jury's deliberations or at any stage of the proceedings.

With respect to the defendant's contention that the 1981 information would have been helpful in establishing falsities in Trooper Sprague's affidavit

in support of the search warrant for electronic surveillance, the defendant does not allege particular falsities in Trooper Sprague's affidavit but rather challenges "the entirety of [Trooper Sprague's] attestations and testimony." (Def Br. 29, n.3). Such a general assertion is insufficient to sustain even the preliminary showing to entitle the defendant to a Franks hearing, much less establish by a preponderance of the evidence a finding of "intentional or reckless police misrepresentations." Commonwealth v. Ramirez, 416 Mass. 41, 48 (1993).

Furthermore, the defendant's contention that impeachment of Trooper Sprague would be dispositive as he was the "sole source of information pertinent to any and all alleged revelations of the informant Brathwaite concerning Zuluaga's purported drug enterprise involvement" is incorrect. (Def. Br. 29). Trooper Thomas F. Greeley of the Massachusetts State Police was present during the meetings with the informant and testified to the substance of those meetings. (R.A. 51), (P. Tr. M. IV/101-102, 166). Accordingly, the defendant's motion to suppress the wire communications was properly denied and the

11

— Supp. App. —

defendant's alleged "newly discovered impeachment evidence" does not disturb that finding.

    B.    <u>The Norfolk Superior Court Order is Not Exculpatory Evidence Nor Was It in the Care, Custody or Control of the Prosecutor</u>

The defendant also contends that the Norfolk Superior Court order was exculpatory evidence that was withheld by the prosecutor despite a specific request for impeachment evidence of the Commonwealth's witnesses. This contention requires analysis of whether the evidence is exculpatory and, if found to be exculpatory, whether the evidence was within the prosecutor's care, custody or control such that the prosecutor was required to disclose it. <u>Commonwealth v. Healy</u>, 438 Mass. 672, 679 (2003).

Exculpatory evidence is defined as "evidence which tends to negate the guilt of the accused… or, stated affirmatively, supporting the innocence of the defendant." <u>Id</u>. (internal quotes omitted). It includes "evidence which provides some significant aid to the defendant's case, whether it furnishes corroboration of the defendant's story, calls into question a material, although not indispensable, element of the prosecution's version of the events, or

12

-*Sup. App. 7*-

challenges the credibility of a key prosecution witness." Commonwealth v. Ellison, 376 Mass. 1, 22 (1978). Here, the defendant asserts that Trooper Sprague was a key prosecution witness whose credibility could have been challenged with his testimony from a grand jury proceeding more than a decade earlier. As discussed previously, this argument fails as the testimony in a murder case that is completely unrelated to the defendant's case, twelve years prior to the defendant's investigation and arrest, would not be admissible as impeachment evidence either at trial or at the evidentiary hearing on the defendant's motions to suppress. Supra at p. 10.

In addition to the Norfolk Superior Court order not being exculpatory, it also was not within the Middlesex County prosecutor's care, custody or control. Commonwealth v. Campbell, 378 Mass. 680, 702 (1979) ("prosecutor has no duty to investigate every possible source of exculpatory information on behalf of the defendant and... his obligation to disclose exculpatory information is limited to that in the possession of the prosecutor or police"). See Commonwealth v. Jackson, 388 Mass. 98, 111 (1983)

- Supp.[13] App 8 -

("no evidence that the district attorney's office for the northern district. . . knew of the Brockton police report"). Indeed, a "[p]rosecutor's duty to disclose must be measured by the directness of the materiality of the . . . evidence in question to the defence taken together with the sheer volume of all the evidence in the hands of the prosecution. . . Particularly is this true with respect to a marginally useful item of evidence." Cassesso, 360 Mass. at 578 (internal quotations omitted). Here, the purported impeachment evidence would not have been even marginally useful due to its inadmissibility and irrelevance to the defendant's case. Accordingly, the motion judge's denial of the defendant's motion for a new trial should be affirmed.

   II.  THE MOTION JUDGE, WHO WAS THE TRIAL JUDGE, PROPERLY DENIED THE DEFENDANT'S MOTION TO VACATE HIS CONVICTION PURSUANT TO MASS R. CRIM. P. 25(b)(2) AS THE CHALLENGE SHOULD HAVE BEEN BROUGHT IN THE DEFENDANT'S DIRECT APPEAL OR HIS FIRST POST-APPEAL MOTION FOR NEW TRIAL.

The defendant has waited ten years to challenge the trial judge's denial of his motion for a required finding of not guilty instead of addressing this issue in his direct appeal or in his first post-appeal

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CRIMINAL DOCKET# **MICR1993-00680**

RE: **Commonwealth v Zuluaga, Luis**

TO: Luis Zuluaga
PO Box 43
Norfolk, MA 02056

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 07/02/2004 is as follows:

Defendant's motion for new trial pursuant to Mass.R.Crim.P. 30(b) with an Affidavit of Defendant and Memorandum of Law in Support of Motion(copy sent to Judge Whitehead)

**Motion (P#73) The court will take as true that, because the basis of the motion is newly discovered information and because discovered on the defendant on his own would have been most unlikely absent the forthwith of the referred newspaper article, defendant has not waived this motion by failing to raise the issue on his direct appeal or by way of his previous motion for a New Trial. Nevertheless the court denies the motion for this reason: The newly discovered information never would have been admissible at any stage of the defendants case. Prior bad acts are not admissible to impeach a witness and, even if they were, these prior bad acts, assuming that they occured, were so remote in time to defendants prosecution, that they would carry no evidentiary weight. Stated simply, the newly discovered information could not possibly have affected the outcome of the case (Whitehead,J)**

Dated at Cambridge, Massachusetts this 7th day of July, 2004.

Edward J. Sullivan
Clerk of the Courts

Location: Rm 6A (Cambridge)   _App. 67_