UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


LUIS ZULUAGA,
                    PETITIONER

        V.                          C.A. NO. 05-11856-NG

LUIS S. SPENCER,
                    RESPONDENT


MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF COUNSEL
AND
FOR AN EVIDENTIARY HEARING

        Comes now the Petitioner, Luis Zuluaga ("Zuluaga"), pro se,
and hereby submits for this Honorable Court's attention and
consideration the Memorandum of Law in Support of Motion for
Appointment of Counsel and for an Evidentiary Hearing.

BACKGROUND

        On September 8, 2005 Zuluaga filed pro se a petition for
habeas relief based upon newly discovered impeachment evidence.
Exhibit 1. No evidentiary hearing was afforded Zuluaga in the
state court concerning such newly discovered evidence. Exhibit 2.

ARGUMENT

        Zuluaga moves this Honorable Court for the appointment of
counsel pursuant to the provisions of 18 U.S.C. § 3006A(a)(2) and
28 U.S.C. § 1915(e)(1).

        Although "[i]ndigent litigants," such as this petitioner,
"possess neither a constitutional nor a statutory right to
appointed counsel[,]" Montgomery v. Pinchak, 294 F.3d 492, 498
(3rd Cir. 2002)(recognizing that 28 U.S.C. § 1915(e)(1) affords

the court statutory authority to request appointed counsel); see also Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I. 1990)(constitution does not mandate representation after trial and first appeal), appointment of counsel in a collateral attack on a criminal conviction may be had under the court's discretion. Heath v. U.S. Parole Comm., 788 F.2d 85, 88 (2nd Cir. 1986).

Section 1915(e)(1) of Title 28 of the United States Code gives a court the discretion to request appointed counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002)(citing section 1915(e)(1) and noting that appointment is discretionary).

Additionally, under 18 U.S.C. § 3006A(a)(2), a court may appoint counsel for a "financially eligible person seeking relief under section 2254 when the interests of justice require." Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who --
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2) & (B).

In order to obtain appointed counsel, "an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel." Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986); accord Weir v. Potter, 214 F.Supp.2d at 54. The rare cases warranting appointment of counsel in the interest of justice typically involve nonfrivolous claims with

- 2 -

factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts. See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993)(discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three, aforementioned circumstances and citing Battle v. Armontrout, 902 F.2d at 702, a section 2254 case); Battle v. Armontrout, 902 F.2d at 702 (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex, and the petitioner's incarceration severely hampered his investigative abilities); and Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant appointment, court's consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").[1]

In view of the substantial merit to the facts underlying the claims encompassing Zuluaga's habeas petition, his unfamiliarity with either court rule or applicable law, and his present confinement and indigency, Zuluaga asserts that the instant proceedings present as just the ilk of "extraordinary circumstances" for which counsel should be appointed.

Should, however, this Honorable Court determine that an evidentiary hearing is required, appointment of counsel should be

---

[1]    All papers drafted and filed in these proceedings have been accomplished through the effort of a certificated paralegal housed at M.C.I. Norfolk, where Zuluaga is incarcerated (an affidavit to such effect shall be provided if required). The petitioner, himself, is completely unfamiliar with either the Rules of Court or the law as it applies to these or, for that matter, any other legal proceeding.

- 3 -

deemed mandatory. See Swazo v. Wyoming Department of Correction's State Prison Warden, 23 F.3d 332, 333 (10th Cir. 1994)(all circuits "agree that [Rule 8(a), 28 U.S.C. foll § 2254] makes appointment of counsel mandatory when evidentiary hearings are required"); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994)(appointment of counsel discretionary where no evidentiary hearing required).

Zuluaga additionally moves this Honorable Court for an evidentiary hearing pursuant to the provisions of 28 U.S.C. foll. § 2254 and Rule 8(a).

Under the former standard of Townsend v. Sain, 372 U.S. 293 (1963), as modified by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), where there is substantial allegation of new evidence an evidentiary hearing should be held. See Edwards v. Murphy, 96 F.Supp.2d 31, 50 (D.Mass. 2000).

In support of his state court post-conviction filing, Zuluaga submitted a substantially detailed affidavit concerning the newly discovered evidence, its materiality and importance. Exhibit 3. An additional affidavit of Russell C. Sobelman, Esquire, Zuluaga's trial attorney, which further set forth the materiality and importance of the newly discovered evidence, was attached to Zuluaga's affidavit. Exhibit 4; and see Exhibit 2 at ¶ 12.

Under Massachusetts jurisprudence, a judge deciding a post-conviction motion for relief enjoys broad discretion to deny an evidentiary hearing. Commonwealth v. Toney, 385 Mass. 575 (1982). However, where an affidavit has been filed which raised a substantial issue, as was here done, an evidentiary hearing should

- 4 -

have been deemed required. See Commonwealth v. Licata, 412 Mass. 654, 660-662 (1992)(if serious issues raised by affidavit allegations taken as true, evidentiary hearing should be held); see also Mass.R.Crim.P. 30(c)(3) and Rule (c)(3) Reporter's Notes (2006 ed.).

   Where, as here, the state court ruling on Zuluaga's newly discovered evidence necessarily precluded the development of facts concerning same, Exhibit 2, an evidentiary hearing should be deemed mandatory. See Rhoden v. Rowland, 10 F.3d 1457, 1460 (9th Cir. 1993)(where petitioner has taken necessary steps to establish a timely record in state court, federal court should hold an evidentiary hearing).

CONCLUSION

   For the foregoing reasons, this Honorable Court should grant and allow Zuluaga's Motion for Appointment of Counsel and for an Evidentiary Hearing.

Respectfully submitted,

Dated: _10 - 27 - 06_

Luis Zuluaga, pro se
Post Office Box 43
Norfolk, MA 02056

Certificate of Service

   I, Luis Zuluaga, do hereby certify that true and factual copies of the Motion for Appointment of Counsel and for an Evidentiary Hearing, with Memorandum of Law in support and Application to Proceed In Forma Pauperis, have been served upon Annette C. Benedetto, A.A.G., One Ashburtopn Place, Boston, MA 02208, Tel. No. (617) 727-2200, by forwarding same First Class Mail, Postage Pre-Paid, this _2 8_ day of October, 2006.

Respectfully submitted,

Luis Zuluaga

- 5 -

# Exhibit 1

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Gertner, Nancy entered on 2/10/2006 at 7:58 PM EST and filed on 2/10/2006
Case Name:      Zuluaga v. Spencer
Case Number:    1:05-cv-11856
Filer:
Document Number:

Docket Text:
Judge Nancy Gertner : Electronic ORDER entered granting in part and denying in part [8] Motion to Dismiss:granting Motion to Dismiss [# 8] with regard to Petitioner's third ground for relief, and denying Motion to Dismiss with regard to grounds one and two of the petition. The government has moved to dismiss Zuluaga's habeas petition as time-barred under 28 U.S.C. sec. 2244(d); it argues that because Petitioner did not comply with the one-year statute of limitations articulated in sec. 2244(d) and because the statute of limitations was not tolled at any point, this Court must dismiss Zuluaga's habeas petition. This Court agrees with the government's argument with respect to Zuluaga's third ground for relief. Zuluaga filed the instant petition five years after the expiration sec. 2244(d)'s statute of limitation and has failed to show any "extraordinary circumstances" to justify its tolling. This Court, however, disagrees with the government with respect to grounds one and two of Zuluaga's habeas petition. Drawing all reasonable inferences in Zuluaga's favor, it is not clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Grounds one and two are based on alleged "newly discovered impeachment evidence" and, as such, fall under sec. 2244(d)(1)(D). As such, the statute of limitations begins to run when the "factual predicate of the claim... have been discovered through the exercise of due diligence." The decision of the Massachusetts Superior Court in petitioner's case suggested that the evidence in question fit the standard, "newly discovered information," and implyied that the petitioner acted with the due diligence required by sec. 2244 (d)(1)(D). Accordingly, while count three is dismissed, counts one and two remain. (Gertner, Nancy)

The following document(s) are associated with this transaction:

1:05-cv-11856 Notice will be electronically mailed to:

Annette C. Benedetto    Annette.Benedetto@AGO.state.ma.us, AppealsEFilings@ago.state.ma.us

1:05-cv-11856 Notice will not be electronically mailed to:

Luis Zuluaga
MCI Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA 02056

# Exhibit 2

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CRIMINAL DOCKET# **MICR1993-00680**

RE:    **Commonwealth v Zuluaga, Luis**

TO: Luis Zuluaga
PO Box 43
Norfolk, MA 02056

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 07/02/2004 is as follows:

Defendant's motion for new trial pursuant to Mass.R.Crim.P. 30(b) with an Affidavit of Defendant and Memorandum of Law in Support of Motion(copy sent to Judge Whitehead)

**Motion (P#73) The court will take as true that, because the basis of the motion is newly discovered information and because discovered on the defendant on his own would have been most unlikely absent the forthwith of the referred newspaper article, defendant has not waived this motion by failing to raise the issue on his direct appeal or by way of his previous motion for a New Trial. Nevertheless the court denies the motion for this reason: The newly discovered information never would have been admissible at any stage of the defendants case.Prior bad acts are not admissible to impeach a witness and, even if they were, these prior bad acts, assuming that they occured, were so remote in time to defendants prosecution, that they would carry no evidentiary weight. Stated simply, the newly discovered information could not possibly have affected the outcome of the case (Whitehead,J)**

Dated at Cambridge, Massachusetts this 7th day of July, 2004.

Edward J. Sullivan
Clerk of the Courts

Location: Rm 6A (Cambridge)

Exhibit 3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                         SUPERIOR COURT
                                      DOCKET NO. MICR1993-00608


COMMONWEALTH

V.

LUIS ZULUAGA


AFFIDAVIT OF DEFENDANT

I, Luis Zuluaga, do hereby attest that the following is true and factual to the best of my knowledge and belief:

1. I am the pro se and indigent Defendant in the above-captioned matter;

2. That, I do hereby reaffirm and incorporate by reference those attestations contained within the suppression motion submitted "Affidavit of Luis Zuluaga," with attachments [R. 174-186];

3. That, I have never been a principal participant in an illicit drug enterprise operating within the City of Lowell, Massachusetts, or in any other area, nor have I ever been responsible for the sale of any illicit substance whatever at any time;

4. That, I continue to aver that then Tpr. John R. Sprague (hereafter "Sprague") rendered material misleading misrepresentation and/or falsehood in both his affidavit attestations and trial court testimonies pertinent to his purported investigation findings which led to my being charged, and convicted, in the instant case;

5. That, my entire defense at trial on the charges in this case was based upon efforts to establish that Sprague had rendered material misleading misrepresentation and/or falsehood in his procurement of the pertinent pre-trial warrants, and in the providing of his various trial court testimonies, which culminated in my conviction in the instant case;

6. That, on two occasions at the onset of this case, my defense counsel (Russell C. Sobelman, Esquire) moved via particularized motion for the production from the prosecution of any and all impeachment evidence within its purvue and pertinent to the Commonwealth witnesses [R. 104; and, see R. 105 & R. 6 at Date 07/14/1993, Paper 16.0];

in that it resulted in the deprivation of due process of law, and denial of the further ability to effectively exercise the constitutional right to confrontation;

11. That, on June 4, 2004, I was able to procure a copy of the Grand Jury minutes "In The Matter Of: FREDERICK WEICHELL" of Monday, August 18, 1980, which clearly establish the identity of the State Trooper referenced within the newly-discovered evidence presented in the form of the "Findings, Rulings and Order on Defendant's Motion to Dismiss Indictment" [R. 94-103; and, see ¶ 8, supra] as being John R. Sprague [Attachment 1, hereto attached]; and

12. That, I have further hereto attached the "AFFIDAVIT Of Russell C. Sobleman," my defense attorney at the time of the hereto relevant proceedings, which sets forth his opinion as to the importance of the newly discovered evidence pertinent to the Commonwealth's chief witness in this case, and which thoroughly supports those contentions set out within the content of the "Motion for New Trial Pursuant to Mass.R.Crim.P. 30(b) and accompanying memorandum [Attachment 2].

Subscribed and Sworn to Under the Pains and Penalties of Perjury this _____ day of June, 2004.

Respectfully submitted,

Luis Zuluaga, pro se
Post Office Box 43
Norfolk, MA 02056

- 3 -

# Exhibit 4

AFFIDAVIT OF Russell C. Sobelman

I, Russell C. Sobelman, having been duly sworn, hereby depose and state the following:

1.  I am Russell C. Sobelman, an attorney in Massachusetts with an office at 152 The Lynnway, Lynn, MA 01902.

2.  I represented Mr. Luis Zuluaga regarding a drug trafficking case in Middlesex Superior Court in the early 1990's.

3.  In conjunction with this case I filed discovery motions regarding exculpatory evidence and a motion to suppress evidence.

4.  Further, the motion to suppress evidence was an evidentiary motion.

5.  During the month of May, 2004, Mr. Zuluaga brought to my attention information regarding Trooper Sprague and a 1981 court decision

6.  It appears from the documents which were sent to me by Mr.Zuluaga that based on Trooper Sprague's lack of honesty, one of his cases was dismissed.

7.  In my opinion, if this information about Trooper Sprague was brought to my attention or disclosed pursuant to my exculpatory motion request during Mr. Zuluaga's motion to suppress, it may have influenced the Judge hearing the motion.

8.  My recollection is that the Honorable Judge Lauriat originally allowed the motion to suppress then after a motion for reconsideration reversed his decision.

9.  It is also my recollection that Trooper Sprague also testified at the trial of Mr. Zuluaga and this information about his testimony in 1981 would have been helpful with respect to cross examination.

Signed under the pains and penalties of perjury this 29 day of May 2004

_____
Attorney Russell C. Sobelman

# United States District Court

### DISTRICT OF ——————————

*Luis Zuloga*
Plaintiff

**v.**

*Luis S. Spencer*
Defendant

## APPLICATION TO PROCEED
#### IN FORMA PAUPERIS

CASE NUMBER:

I, *Luis Zuloga* _____ declare that I am the (check appropriate box)

[X] petitioner/plaintiff/movant      [ ] other

in the above-entitled proceeding; that in support of my request to proceed In Forma Pauperis under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?      [X] Yes    [ ] No      (If "No" go to Part 2)

   If "Yes" state the place of your incarceration  *M.C.I. NORFOLK*

   Are you employed at the institution? *YES* Do you receive any payment from the institution? *YES*

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions. *(AWAITING COPY — WILL FORWARD UNDER SEPARATE COVER).*

2. Are you currently employed?    [X] Yes    [ ] No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer. *$10.00 PER WEEK M.C.I. NORFOLK LIBRARY*

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have your received any money from any of the following sources?

   | | | |
   |---|---|---|
   | a. Business, profession or other self-employment | [ ] Yes | [X] No |
   | b. Rent payments, interest or dividends | [ ] Yes | [X] No |
   | c. Pensions, annuities or life insurance payments | [ ] Yes | [X] No |
   | d. Disability or workers compensation payments | [ ] Yes | [X] No |
   | e. Gifts or inheritances | [ ] Yes | [ ] No |
   | f. Any other sources | [X] Yes | [ ] No |

   If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive. *SISTER — $30.00 WEEKLY 4 TO 6 WEEKS.*

4.  Do you have **any** cash or checking or savings accounts?    ☒ Yes        ☐ No

    If "Yes" state the total amount. $3,105.12

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?    ☐ Yes    ☒ No

    If "Yes" describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

10·27·06                          _Clllll luuu_
DATE                              SIGNATURE OF APPLICANT

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts. expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

## AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, _Luis Zunaba_ , am the petitioner in the above-entitled case.   In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.  Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.  Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 40.00 | $ 0 | $ 40.00 | $ 0 |
| Self-employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 | $ 0 | $ 0 |
| Interest and dividends | $ 0 | $ 0 | $ 0 | $ 0 |
| Gifts | $ 20.00 | $ 0 | $ 20.00 | $ 0 |
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child Support | $ 0 | $ 0 | $ 0 | $ 0 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability (such as social security, insurance payments) | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance (such as welfare) | $ 0 | $ 0 | $ 0 | $ 0 |
| Other (specify): _____ | $ 0 | $ 0 | $ 0 | $ 0 |
| **Total monthly income:** | $ 60.00 | $ 0 | $ 60.00 | $ 0 |

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| *Jackanaport Consan Library* | *M.C.I Norlork* | *1996 - 2006* | $ *40.00* |
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| *N/A* | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ _____
   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| *MCI Norlork* | *SAVINGS* | $ *3,105.12* | $ |
| | | $ | $ |
| | | $ | $ |

5. List the assets, and their values, which you own or your spouse owns.   Do not list clothing and ordinary household furnishings.

☐ Home
  Value _*N/A*_

☐ Other real estate
  Value _*N/A*_

☐ Motor Vehicle #1
  Year, make & model _*N/A*_
  Value _____

☐ Motor Vehicle #2
  Year, make & model _*N/A*_
  Value _____

☐ Other assets
  Description _*N/A*_
  Value _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _NONE_ | $ | $ |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| _NONE_ | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.   Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

|  | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real estate taxes included?  ☐ Yes  ☐ No Is property insurance included?  ☐ Yes  ☐ No | $ _0_ | $ _0_ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ _0_ | $ _0_ |
| Home maintenance (repairs and upkeep) | $ _0_ | $ _0_ |
| Food | $ _0_ | $ _0_ |
| Clothing | $ _0_ | $ _0_ |
| Laundry and dry-cleaning | $ _0_ | $ _0_ |
| Medical and dental expenses | $ _10.00_ | $ _0_ |

( NON - PRESCRIPTION MEDS )

|                                                                              | You      | Your spouse |
|------------------------------------------------------------------------------|----------|-------------|
| Transportation (not including motor vehicle payments)                        | $ 0      | $ 0         |
| Recreation, entertainment, newspapers, magazines, etc.                       | $ 0      | $          |

Insurance (not deducted from wages or included in mortgage payments)    $ 0

|     Homeowner's or renter's | $ 0 | $ |
|     Life | $ 0 | $ 0 |
|     Health | $ 0 | $ 0 |
|     Motor Vehicle | $ 0 | $ 0 |
|     Other: _____ | $ 0 | $ 0 |

Taxes (not deducted from wages or included in mortgage payments)

|     (specify): _____ | $ 0 | $ 0 |

Installment payments

|     Motor Vehicle | $ 0 | $ 0 |
|     Credit card(s) | $ 0 | $ 0 |
|     Department store(s) | $ 0 | $ 0 |
|     Other: _____ | $ 0 | $ 0 |
| Alimony, maintenance, and support paid to others | $ 0 | $ 0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): Pdsonas, Peldonat Hycione | $ 20.00 | $ 0 |
| **Total monthly expenses:** | $ 20.00 | $ 0 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes   ☒ No      If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?    ☐ Yes   ☒ No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes   ☒ No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _Octobel  27____, 20 06_

_____
(Signature)