UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                          )
LUIS ZULUAGA,             )
                          )
         Petitioner       )
                          )
V.                        )      CIVIL. NO. 05-11856-NG
                          )
LUIS SPENCER,             )
                          )
         Respondent.      )
                          )
```

PETITIONER'S MOTION FOR CERTIFICATE
OF APPEALABILITY PURSUANT TO 28 U.S.C.§2253(c)

The petitioner hereby moves this Honorable Court to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c) to allow him to pursue an appeal of the court's January 31, 2008 denial of his petition for a writ of habeas corpus under 28 U.S.C. 2254.

Petitioner further states that he believes the following issues constitute a substantial showing of the violation of his constitutional rights justifying the appeal, a notice of which is filed herewith.

Issues

#1. Whether this habeas court erred in applying the AEDPA deferential standard of review because it misinterpreted the ambiguous language of the state court holding?

Summary of Argument

A.  The relevant holdings were that the proposed impeachment evidence was so "remote" in time that it "would carry

no evidentiary weight.", and the motion court's resulting

conclusion that, "Stated simply, the newly discovered information

could not possibly have affected the outcome of the trial.".  See

Opinion and Order, Jan. 31, 2008, p. 14

        B.   This Court concluded that this was an application

of the Brady standard of prejudice because it meant that even if

the evidence of the state trooper's lying to a grand jury 12

years prior to petitioner's prosecution had been admitted, it

would not have affected the outcome of his trial.

        C.   Petitioner asserts that an equally reasonable

reading of that critical portion of the state court's opinion is

that the new information would not have mattered because, even if

not barred by state evidentiary law excluding prior bad acts, it

was too remote to be admitted anyway.

        D.   The remoteness of prior bad acts evidence is

treated differently in Massachusetts and federal law.  See

DiBenedetto v. Hall, 272 F.3d 1 (1st Cir. 2001)(n.2)(evidence of

prior crime must be very close in time to the crime charged under

state law but not typically required in federal cases).

        E.   Consequently, it is at least as likely that the

state court's decision was based solely on state evidentiary law

as that it was applying the equivalent of a Brady analysis.

        F.   Adjudications reached on independent state law

grounds are not entitled to deference if they simultaneously

violate federal constitutional law.

G.   The evidence of the state trooper's prior flagrant misrepresentations under oath to a grand jury, in effect, "testilying", constituted "prototypical" impeachment evidence of bias permitted of constitutional right under the Sixth Amendment. See Delaware v. Van Arsdall, 475 U.S. 673, 673, 680 (1986).


#2.   The Court's findings, Opinion and Order, p. 20-21, see also n. 9, that Trooper Greeley's testimony at the "Franks-type" hearing largely corroborated Trooper Sprague's evidence of the information he had received from the informant Brathwaite and that the rest of the evidence against petitioner, absent the recorded conversations, was strong and the trial not close, were erroneous.

### Summary of Argument

A.   Trooper Greeley only corroborated a minimal portion of Trooper Sprague's assertions.   See Pretrial Motion Hearing, Vol. IV, pp. 101-102.   He did not mention anything about the prison visits, or the petitioner's alleged relation to inmate Yasser Funez, which were the key elements of Sprague's misrepresentations.   Nor did he testify that Brathwaite told Sprague in his presence that he had had recent inculpatory telephone conversations with the petitioner.   Id.

B.   Without the body wire recordings, it is reasonably

likely that petitioner's defense, that he had been set up by the Lowell Police out of vindictiveness and prejudicial suspicion because he was Colombian, Trial Tr. VIII, 125-135, 157-163, would have resonated with the jury.  This is especially true if the new evidence had resulted in the allowance of Brathwaite's confession corroborating that defense.

Similarly, petitioner's explanation that he required co-defendant's Resptrepo's presence, while showing his restaurant equipment to Brathwaite as a prospective buyer, because he was nervous in dealing with a convicted violent felon, also makes sense.  Trial Tr. IX, 30-35.  The criminal inferences the government would have had to ask the jury to draw for a conviction would have been too great a leap and merely speculative.

For the reasons stated above, petitioner respectfully moves that a Certificate of Appealability issue.


By his Attorney,


S/Raymond  E. Gillespie
Raymond E. Gillespie
B.B.O. #192300
875 Massachusetts Ave    Suite 32
Cambridge    MA    02139
(617) 661-3222


March 2, 2008


4

## CERTIFICATE OF SERVICE

I, Raymond E. Gillespie, hereby certify that I the foregoing
document will be served on all parties listed to receive
electronic notice under the Electronic Case Filing system in this
case as of the filing date hereof, March 2, 2008:


S/Raymond E. Gillespie
Raymond E. Gillespie


mtn_cert_appeal